UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JERRY PEREZ, *et al*.

                Plaintiffs,

  -against-

NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES, *et al.*,

                Defendants.

Lead Case
9:08-CV-1031 (LEK/RFT)

Member Cases
9:08-CV- 1050 (LEK/RFT)
9:08-CV-1059 (LEK/RFT)
9:08-CV-1117 (LEK/RFT)
9:08-CV-1181 (LEK/RFT)
9:08-CV-1192 (LEK/RFT)
9:08-CV-1266 (LEK/RFT)
9:08-CV-1268 (LEK/RFT)
9:08-CV-1316 (LEK/RFT)
9:09-CV-0015 (LEK/RFT)
9:09-CV-0096 (LEK/RFT)
9:09-CV-0217 (LEK/RFT)
9:09-CV-0317 (LEK/RFT)

## AMENDED DECISION AND ORDER

      This matter comes before the Court following a Report-Recommendation filed on March 17, 2010 by the Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 99). On March 31, 2010, having received objections only from Plaintiff Kevin Gentle, which were filed on March 26, 2010 (Dkt. No. 100),[1] this Court reviewed and adopted Judge Treece's Report-Recommendation in its entirety. Decision and Order (Dkt. No. 104).

---

[1] Additionally, the Court received a Response (Dkt. No. 101) from Plaintiff Edwin Taveras on March 29, 2010 stating that he had no objections to the Magistrate's Report-Recommendation.

On April 2, 2010, Plaintiff Luis Javier filed Objections (Dkt. No. 106) with the Court and Plaintiff Jerry Perez filed a Motion (Dkt. No. 107) requesting an extension of time to respond to Judge Treece's original Report-Recommendation.  The Court granted Plaintiff Perez' request, extending the time to file responses to the Report-Recommendation until April 15, 2010.  Dkt. No. 109.  Following the Court's grant of Perez' requested extension and prior to the new, April 15, 2010 response deadline, Plaintiffs Steven Morales, Carlos De La Rosa, Jose Fernandez, David Benavides, Michael A. Bernard, Gabriel Alcantara, Jerry Perez, and Alcenio Segura filed objections (these objections, coupled with those previously submitted by Gentle and Javier will be collectively designated in what follows as "Plaintiffs' Objections") to the Report-Recommendation with the Court.  Dkt. Nos. 109-114, 120, 122.  Additionally, Plaintiffs Morales, Javier, De La Rosa, and Perez filed Motions to alter the judgment of the Court.  Dkt. Nos. 115-118, 121.

On April 12, 2010, Defendants submitted a Response to these Motions, contending that they are "wholly unsupported by a showing of cause for the 'extraordinary judicial relief' requested."  Dkt. No. 123 (citations omitted).  Nevertheless, Defendants had no objection to the Court's considering of Plaintiffs' Objections.  Accordingly, the Court hereby amends its prior Decision and Order (Dkt. No. 104) so as to acknowledge receipt and allow consideration of Plaintiffs' Objections and Motions to alter the judgement.

As an initial matter, the Court hereby grants those portions of Plaintiffs' Motions to alter the judgment of the Court that relate to the timeliness of their Objections.  Federal Rule of Civil Procedure 72 provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations."[2]  The Report-Recommendation was filed March 17, 2010.  The Decision and Order of the Court on March 31, 2010 was, therefore, premature.  Recognizing this timing issue, on April 2, 2010, the Court granted an extension to file objections until April 15, 2010.  See Dkt. No. 108.  The Court has applied this extension to all Plaintiffs.

   Several Plaintiffs have now filed Objections to the Report-Recommendation, and it is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'"  Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted)).

   This Court has considered the Plaintiffs' Objections, undertaken a de novo review of the record, and determined that the Plaintiffs' Objections present no basis for it to alter its initial Decision and Order (Dkt. No. 104).  In particular, Plaintiffs' contention that the Magistrate misapprehended the facts alleged in their Complaints, specifically that the allegedly unconstitutional strip search comprised a visual inspection of Plaintiffs' rectums rather than anuses and, therefore, was a clear violation of internal regulations, is belied by

---

[2]The fourteen days does not include the date the Report-Recommendation was issued but does include intermediate Saturdays and Sundays.  FED. R. CIV. P. 6.

3

their Complaints.  See, e.g., Javier Compl. (Dkt. No. 36) ¶13; Morales Compl. (Dkt. No. 31) ¶ 12; De La Rosa Compl. (Dkt. No 34) ¶ 12; Fernandez Compl. (Dkt. No. 30) ¶ 11; Segura Compl. (Dkt. No. ) ¶ 12 (all stating violations occurred "as a result of the Defendant's deliberate, degrading an inhumane actions in subjecting Plaintiff to said type of strip frisk, i.e., beaming just his anus with the hand-held flood light . . ."). Moreover, this objection ignores the Magistrate's accurate and repeated emphasis that "a violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983." Report-Rec. at 13 (citing Doe v. Conn. Dep't of Child and Youth Servs., 911 F.2d 868, 869 (2d Cir. 1990); Farid v. Demars, No. 9:06-CV-1545, 2009 WL 455450, at *6 n.6 (N.D.N.Y. Feb. 23, 2009)).

       The Court also finds that the Magistrate properly considered evidence concerning the Hurley Consent Decree[3] and agrees with the Magistrate's conclusions that the Consent Decree was no longer in effect at the time of the alleged violations. Report-Rec. at 13-14. The Hurley Consent Decree, which applied to all inmates in the custody of the New York State Department of Correctional Services ("DOCS"), set forth specific procedures for prison officials to follow in conducting strip frisks and strip searches of inmates. See Goglia Decl., Ex. B (Dkt. No. 48-4). Subsequently, DOCS enacted Directive 4910, which incorporated the terms of the Decree. On June 19, 2001, the Consent Decree was dissolved by court-approved stipulation. See Goglia Decl., Ex. C (Dkt. No. 48-5). The incident giving rise to Plaintiffs' allegations occurred years later on June 14, 2008. The incident, therefore,

---

[3] See Hurley v. Coughlin, 77-CV-3847 (S.D.N.Y. 1983); Goglia Decl., Ex. B (Dkt. No. 48-4); Jermosen v. Coughlin, 87 Civ. 7803, 1992 WL 116319 (S.D.N.Y. May 19, 1992).

could not be a violation of the Hurley Consent Decree.  Moreover, only because the Consent Decree has been terminated does this Court have jurisdiction to hear the instant action. Goglia Decl., Ex. B (Dkt. No. 48-4) at 9 (The Hurley Consent Decree vested "jurisdiction to enforce the terms of this decree" in the Southern District of New York.).

After consideration of Plaintiffs' Objections, and de novo review of the record, the Court agrees with, and adopts, the reasoning and conclusions of the Magistrate regarding Plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment claims.  Plaintiffs fail to raise any plausible claim that the use of a flashlight alone, in an otherwise constitutional strip frisk, transforms that strip frisk into a violation of Plaintiffs' civil rights.

Accordingly, those portions of Plaintiffs' Motions to alter the judgment of the Court (Dkt. Nos. 115-118, 121) should be denied and the Report-Recommendation approved in its entirety for the reasons stated therein.

For the above reasons, it is hereby

**ORDERED**, that Plaintiffs' Motions to alter the judgment of the Court (Dkt. Nos. 115-118, 121) are **GRANTED in part and DENIED in part** consistent with this opinion; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 99) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion to dismiss each of the Plaintiff's respective Complaints (Dkt. No. 48) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     April 20, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge